UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,
Booking #14745493,
CDCR #BC-6583,

    Plaintiff,

vs.

WILLIAM GORE, Sheriff;
FEMALE SERGEANT, San Diego
Central Jail; SENIOR DOCTOR,
San Diego Central Jail,

    Defendants.

Case No.: 3:19-cv-1003-WQH-JLB

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

    Plaintiff, Pedro Rodriguez, while temporarily held in custody at the San Diego Sheriff Department's George Bailey Detention Facility ("GBDF"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 17, 2019.[1] (*See* Compl., ECF No. 1.) Plaintiff

---

[1] The Court takes judicial notice of another civil rights complaint recently filed by Rodriguez, attached to which are exhibits which show he has been committed to the custody of the California Department of Corrections and Rehabilitation ("CDCR"), was

claims the San Diego County Sheriff, an unidentified sergeant, and an unidentified doctor violated his Eighth Amendment rights and interfered with his right to petition for redress on May 9, 2019 during a transfer from GBDF to the SDCJ. (*Id.* at 3-7.) He seeks declaratory relief and $75,000 in punitive damages. (*Id.* at 9.)

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint and has not filed a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). However, on June 17, 2019, he filed a "Request for Judicial Notice," in which he asks the Court to liberally construe his Complaint to include an IFP Motion although "not in correct format." (ECF No. 3.)

## I.     Request for Judicial Notice re IFP

### A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

---

formerly incarcerated at Valley State Prison ("VSP"), and is also identified as CDCR Inmate #BC-6583. *See Rodriguez v. Gore, et al.*, S.D. Cal. Civil Case No. 3:19-cv-0771-CAB-RBM (S.D. Cal. April 25, 2019) (ECF No. 1, Ex. A at 14). In that case, Rodriguez explained he was temporarily transferred from VSP to the San Diego Central ("SDCJ") Jail on March 21, 2019, in order to appear for an "administrative re-sentencing" in San Diego Superior Court. *See id.*; *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. Discussion

Plaintiff claims that on May 9, 2019, he was told he would be transferred from GBDF to the SDCJ. (*See* Compl., ECF No. 1 at 4.) When he learned he would be separated from "11 boxes of legal work," he objected, but an unidentified Sheriff's Department Sergeant nevertheless directed two deputies to cuff him for transport. (*Id.*) Plaintiff again objected, claimed he was disabled, needed a cane, and could not be cuffed behind his back, but the Sergeant replied, "You look fine to me." (*Id.* at 5.) Plaintiff further contends San Diego County Sheriff William Gore, and an unidentified "senior doctor" at the SDCJ, violated his Eighth Amendment rights by "initiating a policy" that permits "untrained medical personnel," like the Sergeant, to ignore prisoners' medical needs. (*Id.* at 6-7.) However, his Complaint does not include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMC, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

/ / /

Therefore, this Court takes judicial notice of its own records and finds that Plaintiff Pedro Rodriguez, currently identified as San Diego County Sheriff's Department Inmate Booking No. 14745493, and as CDCR Inmate #BC-6583, while incarcerated, has filed five prior civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Rodriguez v. Robinson, et al.*, Civil Case No. 3:14-cv-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike one);

2) *Rodriguez v. Mitchell, et al.*, Civil Case No. 3:14-cv-02708-GPC-WVG (S.D. Cal. Feb. 18, 2015) (Order granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4.) (strike two);

3) *Rodriguez v. Stall, et al.*, Civil Case No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF No. 11) (strike three);

4) *Rodriguez v. Greco, et al.*, Civil Case No. 3:15-cv-02040-DMS-JLB (S.D. Cal. Jan. 15, 2016) (Order Dismissing Second Amended Complaint for failing to state a claim) (ECF No. 13) (strike four); and

5) *Rodriguez v. Pierce, et al.*, Appeal No. 16-55150 (9th Cir. July 19, 2016) (Order denying IFP on appeal based on frivolousness) (Dkt. No. 14); (9th Cir. Aug. 25, 2016) (Order dismissing appeal for failing to perfect appeal) (Dkt. No. 16) (strike five).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not

---

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**II. Conclusion**

For the reasons explained, the Court:

(1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a);

(2) **DENIES** Plaintiff's Request for Judicial Notice (ECF No. 3) seeking leave to proceed IFP as barred by 28 U.S.C. § 1915(g);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: July 3, 2019

Hon. William Q. Hayes
United States District Court